IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BROTHERS OF THE WHEEL
M.C. EXECUTIVE COUNCIL, INC.,

                Plaintiff,

v.                                  CIVIL ACTION NO. 2:11-cv-00104

GERALD R. MOLLOHAN, et al.

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions, all filed by Defendant Gerald R. Mollohan: Motions to File a Stay of Judgment Pending Appeal [ECF 61 and 70], Request for Final Judgment [ECF 79], Motion for Stay on Proceedings Pending Judgment [ECF 80], and Motion for Leave to File Supplementar [sic] Pleading/Information [ECF 82].

Also before the Court is the affidavit of Mr. Ray E. Carey, National Vice President of Plaintiff Brothers of the Wheel M.C. Executive Council, Inc., filed in response to this Court's November 14, 2012 Memorandum Opinion and Order. The affidavit sets forth an accounting of Defendant Mollohan's profits as well as Plaintiff's claim for damages and attorney's fees.

*I.     PROCEDURAL HISTORY*

These matters warrant a brief summary of the status of this litigation. The Court's November 14, 2012 Memorandum Opinion and Order adopted Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation (PF&R), finding that Defendant Mollohan as a matter of law had willfully and in bad faith infringed upon Plaintiff's registered trademark and falsely designated the origin of Plaintiff's mark in violation of Sections 32(1)(a) and 43(a) of the

Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a). The Court granted Plaintiff's motion for permanent injunctive relief against Defendant Mollohan. It also adopted Magistrate Judge Stanley's recommendation of an award of both treble damages and attorney's fees, but postponed entry of a damages award to allow the parties 30 days to submit an accounting of Defendant Mollohan's profits resulting from the infringement, any damages sustained by Plaintiff as a result of the infringement, and the costs of the action, including attorney's fees. The Court implemented its rulings by Judgment Order also entered on November 14, 2012.

## II. DEFENDANT MOLLOHAN'S PENDING MOTIONS

While the Court awaited the parties' submissions on the issue of damages, Defendant Mollohan filed a notice of appeal. This notice was followed shortly thereafter by two identical motions requesting a stay of judgment pending the outcome of the appeal. (ECF 61 and 70.) The motions cite Federal Rule of Civil Procedure 62(b) as authority, which permits a district court to stay the execution of a judgment pending disposition of motions for judgment as a matter of law, to amend the court's findings or for additional findings, for a new trial or to alter or amend a judgment, or for relief from a judgment or order. As none of these motions are pending, Rule 62(b) is inapplicable and Defendant Mollohan's motions are **DENIED**.

On April 18, 2013, the Fourth Circuit Court of Appeals dismissed Defendant Mollohan's appeal for lack of jurisdiction. Since this Court's November 14, 2012 Judgment Order expressly postponed a ruling on damages, Defendant Mollohan had attempted to appeal a non-final order. Defendant Mollohan promptly filed a "Request for Final Judgment" in this Court, asking the Court to enter a "final, appealable judgment" to facilitate his appeal to the Fourth Circuit. (ECF 79). A final judgment will enter in this case when the Court issues its ruling on Plaintiff's damages award. This motion is therefore **DENIED WITHOUT PREJUDICE**. Defendant

Mollohan also filed another motion to stay these proceedings under Rule 62(b) after his appeal was rejected. For the same reasons stated previously, Rule 62(b) does not entitle Defendant Mollohan to a stay of these proceedings and this motion is also **DENIED**.

On May 29, 2013, Defendant Mollohan filed a motion for leave to file a supplemental pleading. In this motion, Defendant Mollohan informs the Court that he has filed an ethics complaint against Mr. Richard J. Lindroth, counsel for Plaintiff in this case. Defendant Mollohan does not explain the premise for his ethics complaint, but attaches as an exhibit a letter addressed to Mr. Lindroth from the West Virginia Office of Disciplinary Counsel dated May 22, 2013. The letter requests a response to Defendant Mollohan's complaint within 30 days. Defendant Mollohan asks the Court "to take this action by the Office of Disciplinary Action into consideration as this complaint continues through the adjudication process." (ECF 82 at 2.) The Office of Disciplinary Counsel appears to have taken no action on Defendant Mollohan's ethics complaint other than to request a response, and the complaint otherwise bears no apparent relevance to this proceeding. The Court **DENIES** the motion and will not consider this ethics complaint in its resolution of the limited issues that remain pending in this action.

### III.   PLAINTIFF'S CLAIM FOR DAMAGES

Under Section 1117(a) of Title 15, a successful plaintiff is entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." These damages are to constitute compensation, not a penalty. 15 U.S.C. § 1117(a). Attorney's fees may also be awarded in exceptional situations. *Id.* This statute further provides that assessing damages in a case involving the use of a counterfeit mark, the district court shall, subject to a finding of extenuating circumstances:

> enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of

> (1) intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services[.]

*Id.* § 1117(b).

Proof and measure of damages in a trademark action is governed by the law of damages in tort actions. *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993); *Broan Mfg. Co., Inc. v. Associated Distribs., Inc.*, 923 F.2d 1232, 1235 (6th Cir. 1991). The plaintiff bears the burden of proving damages with reasonable certainty. Restatement (Third) of Unfair Competition § 37 (1995). Damages which are speculative in nature are not permitted. *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 969 (D.C. Cir. 1990) ("[T]he court must ensure that the record adequately supports all items of damages claimed and establishes a causal link between the damages and the defendant's conduct, lest the award become speculative or violate [the Lanham Act's] prohibition against punishment." (citing *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264 (1946))); *Caesars World, Inc. v. Venus Lounge, Inc.*, 520 F.2d 269, 274 (3d Cir. 1975) ("If the record in the district court contains no evidence of actual damage or actual profit in dollars and cents no monetary award may be made . . . and the trademark owner must be content with injunctive relief.").

In this case, Plaintiff is not entitled to actual damages or Defendant Mollohan's profits because it has provided nothing more than sheer speculation that it has suffered any financial loss as a result of Defendant Mollohan's use of its "Brothers of the Wheel" trademark. In support of its claim for damages, Plaintiff has submitted a three-page affidavit from its vice president, Mr. Carey, accompanied by a brief letter from its counsel, Mr. Lindroth, and a one-page print-out from the Brothers of the Wheel MC Nomads company profile page at manta.com. Plaintiff's affidavit estimates its actual damages at $340,000, representing $100,000 in lost

member initiation fees and $240,000 in lost monthly membership dues over twenty-four months. The affidavit bases these figures off of a "recent," yet unnamed, website attributed to Defendant Mollohan. (ECF 71 at 2.) According to this unidentified website (presumably manta.com), Defendant Mollohan's motorcycle club has over 1,000 members. Apparently by reasoning that the 1,000 members of Defendant Mollohan's club would have sought and maintained membership with Plaintiff if not for Defendant Mollohan's conduct, Plaintiff calculates its damages based on its initiation fee of $100 per member and $10 per month dues.

The evidence that Plaintiff has put forward is insufficient to establish its damages with sufficient certainty. The manta.com print-out that supposedly reports business information for Brothers of the Wheel MC Nomads, Defendant Mollohan's motorcycle club, is inherently suspect and contradicts the information provided in Plaintiff's own affidavit. Manta.com reports the club's annual revenue as "Over $1 billion" and its employees as "Over 10,000."[1] (ECF 71 at 5.) These are impressive figures for an obscure motorcycle club and the Court suspects that they are grossly over-inflated. The source of this information is unclear. The print-out indicates that "Chewy botw" updated this profile on October 7, 2011.[2] Even if this information can be attributed to Defendant Mollohan, there is absolutely no assurance of its accuracy. This manta.com company profile does not provide credible evidence of Plaintiff's losses or Defendant Mollohan's profits.

The same applies to Plaintiff's asserted loss of goodwill. As to proof of a loss of goodwill, Plaintiff's affidavit states that it "routinely gets telephone calls complaining of

---

[1] The Court assumes that Plaintiff has used this reported number of employees to estimate the membership numbers of Defendant Mollohan's club, yet Plaintiff's affidavit states that the club has only 1,000 members. Either Plaintiff has committed a typographical error (listing 1,000 members in its affidavit rather than 10,000) or the website on which Plaintiff relies is not manta.com—in which case the Court is at a loss to guess how Plaintiff has estimated its damages. If Plaintiff intended to base its damages claim on 10,000 members, its calculation would increase from $340,000 to $3,400,000.

[2] As noted by the PF&R, Defendant Mollohan apparently uses the nickname "Chewy." (ECF 31 at 7.)

harassment and rude conduct by persons wearing the Brothers of the Wheel-Nomads name." (ECF 71 at 3.) These telephone calls "impair[] Plaintiff's ability to raise funds for charity." (*Id.*) Plaintiff quantifies this loss as follows: "Plaintiff's organization has been in operation since 1977 and estimates the loss in goodwill to be valued at $15,000 per year, for a total of $525,000." (*Id.*) Plaintiff proffers no further information to explain how it arrived at this estimate. Particularly since Defendant Mollohan's motorcycle club was formed in 2000, crediting him with a loss of goodwill dating back to 1977 is nonsensical. Plaintiff has offered no evidence from which the Court can determine the diminution in value, if any, of Plaintiff's goodwill as a result of Defendant's trademark infringement. Having failed to meet its burden to prove its damages in this case, this Court awards Plaintiff nominal treble damages in the amount of $3.00.

Attorney's fees may be awarded to a prevailing party in a trademark infringement action even without a substantial damages award. *See Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999). In *Montgomery*, a jury awarded $30 in damages and $14,000 in attorney's fees to a plaintiff in a trademark infringement suit. On appeal, the defendant argued that the plaintiff was not a prevailing party entitled to attorney's fees because it had been awarded only nominal damages. The Eleventh Circuit upheld the award of attorney's fees, finding that the district court's issuance of a permanent injunction combined with the nominal damages award was sufficient to confer prevailing party status on the plaintiff. *Id.* at 1304-05.

Plaintiff's prior attainment of permanent injunctive relief similarly warrants an award of attorney's fees in this case. Plaintiff's submission in support of its fee request, however, is inadequate. Mr. Lindroth has submitted a summary of his past invoices reflecting a total fee of $16,500. He itemizes this fee only insofar as to reflect 52.7 hours of research, 24 hours of legal drafting, and 16.5 hours of telephone conferences and client meetings at an hourly rate of $165

per hour. Mr. Lindroth also adds a charge for paralegal and copy fees in the amount of $1,112. Without further detail, the Court is unable to ascertain the reasonableness of Mr. Lindroth's fee. If Plaintiff wishes to recover its attorney's fees, it must produce a detailed itemization of Mr. Lindroth's fees and costs within 30 days of the entry of this Memorandum Opinion and Order. This itemization should include contemporaneous billing records and evidence that Mr. Lindroth's hourly fees are reasonable for an attorney of his skill and experience.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Mollohan's Motions to File a Stay of Judgment Pending Appeal [ECF 61 and 70], **DENIES WITHOUT PREJUDICE** his Request for Final Judgment [ECF 79], **DENIES** his Motion for Stay on Proceedings Pending Judgment [ECF 80], and **DENIES** his Motion for Leave to File Supplementar [sic] Pleading/Information [ECF 82].

The Court awards Plaintiff monetary damages in the amount of $3.00. Attorney's fees will be awarded, if at all, upon Plaintiff's submission of a detailed itemization of hours billed and costs charged within 30 days of the entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 6, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE