IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BROTHERS OF THE WHEEL
M.C. EXECUTIVE COUNCIL, INC.,

                Plaintiff,

v.                                  CIVIL ACTION NO.  2:11-cv-00104

GERALD R. MOLLOHAN, et al.

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions, all filed by pro se defendant Gerald R. Mollohan ("Defendant") after the Court entered its Final Judgment Order (ECF 139):  Motion for Stay on Final Judgment Order [ECF 140]; Motion for a New Trial [ECF 141]; Motion to Set Aside Final Judgment Order [ECF 142]; Motion to Dismiss as Moot Plaintiff's Response in Opposition to the Motion for Stay on Final Judgment Order [ECF 144]; Motion for a New Trial [ECF 148]; Motion to Extend Time to File Appeal [ECF 149]; Motion to Set-Aside Judgment [ECF 150]; Motion for Contempt [ECF 151]; Motion to Stay [ECF 152]; Motion to Appeal [ECF 153]; Motion to Reconsider [ECF 154]; Motion to Amend [ECF 156]; Motion to Deny and Strike [ECF 161]; Motion for Injunction [ECF 164]; Motion for Cancellation [ECF 165]; Motion to Dismiss [ECF 166]; Motion to Amend [ECF 167]; Motion to Dismiss [ECF 168]; Motion to Dismiss [ECF 169]; Motion to Cancel [ECF 170]; Motion to Cancel [ECF 171]; Motion for Dissolution [ECF 172]; Motion for Injunction [ECF 174]; Motion to Find Plaintiffs in Violation of the Lanham Act [ECF 175]; Motion to Find Plaintiffs in Violation of the Lanham Act [ECF 176], and Motion for Leave to File a Supplementary Pleading [ECF 179].

1

Also pending are the following motions filed by Plaintiff: Motion for Bond [ECF 158] and Motion for Leave to File a Response [ECF 177].

For the reasons that follow, all of the above-listed motions are **DENIED**, with the exception of Defendant's "Motion to Appeal" [ECF 153], which motion the Court **DIRECTS** the Clerk to docket as Defendant's Notice of Appeal.

## I.   PROCEDURAL HISTORY

These matters once again warrant a brief summary of the status of this litigation to date.

The Court's November 14, 2012, Memorandum Opinion and Order adopted Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation (PF&R), finding that Defendant as a matter of law had willfully and in bad faith infringed upon Plaintiff's registered trademark and falsely designated the origin of Plaintiff's mark in violation of Sections 32(1)(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a). The Court granted Plaintiff's motion for permanent injunctive relief against Defendant. The Court also adopted Magistrate Judge Stanley's recommendation of an award of both treble damages and attorney's fees, but postponed entry of a damages award to allow the parties 30 days to submit an accounting of Defendant's profits resulting from the infringement, any damages sustained by Plaintiff as a result of the infringement, and the costs of the action, including attorney's fees. The Court implemented its rulings by Judgment Order also entered on November 14, 2012.

Thereafter, by Order dated June 6, 2013, the Court awarded Plaintiff monetary damages in the amount of $3.00. (ECF 83.) The Court further held that attorney's fees would be awarded, if at all, upon Plaintiff's submission of a detailed itemization of hours billed and costs charged within 30 days of the entry of that Order. Plaintiff timely filed its Detail of Attorney Fees on July 2, 2013 (ECF 87), to which Defendant responded (ECF 95). For the reasons stated

on the record at the February 14, 2014, motions hearing, the Court granted the Plaintiff's petition for attorney's fees and awarded Plaintiff $17,490 in attorney's fees. (ECF 138.) At the same hearing, the Court also denied both parties' motions to hold the other in contempt (ECF 94; ECF 107).

At that time, all pending motions had been resolved and there remained no pending issues before the Court. Accordingly, the Court entered a Final Judgment Order. (ECF 139.) Thereafter, the parties continued to file motions in this civil action.[1] The Court now turns to these pending motions.

## II. DEFENDANT'S PENDING MOTIONS

Initially, the Court observes that Defendant's pro se motions are often difficult to fully comprehend and characterize. In reviewing his motions, however, this Court considers the fact that he is acting pro se, and his pleadings will be accorded liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). The Court groups Defendant's motions into categories for a more clear discussion.

### A. *Motions to Stay Enforcement of the Final Judgment Order*

Defendant has filed two "Motion to Stay the Final Judgment Order."[2] (ECF 140; ECF 152.) Defendant's first motion [ECF 140] simply restates Federal Rule of Appellate Procedure

---

[1] Many of Defendant's motions alternatively seek relief under Fed. R. Civ. P. 50(b), 52(b), 59, and/or 60, and were also filed within 28 days of entry of judgment. Accordingly, the period in which the parties could appeal the Final Judgment Order has been tolled pending disposition of such post-judgment motions. *See* Fed. R. App. P. 4(a)(4)(A)(iv)-(vi) (providing that if a party timely files in the district court a motion to amend or make additional factual findings under Rule 52(b), to alter or amend the judgment under Rule 59, for a new trial under Rule 59, or for relief under Rule 60 (if the motion is filed no later than 28 days after the judgment is entered), the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion). Additionally, pursuant to Fed. R. App. P. 4(a)(4), a notice of appeal filed after entry of judgment but before disposition of such motions becomes effective upon entry of an order disposing of the last such motion. The parties are hereby **ADVISED** that this Memorandum Opinion and Order represents the disposition of <u>all</u> pending post-judgment motions.

[2] The Court observes that it previously denied Defendant's prior motion to stay the injunction entered in the initial Judgment Order. (ECF 83.)

8(a).  The motion contains no argument nor does it address any of the elements that courts have identified as being relevant for demonstrating whether a stay is appropriate.  For example, a party seeking a stay must show:  (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.  *Clay v. Consol Pennsylvania Coal Co., LLC*, 5:12CV92, 2013 WL 5408667 (N.D. W. Va. Sept. 25, 2013) (Stamp, J.) (citation omitted).  Defendant has made no showing in support of his motion for a stay.  Moreover, to the extent that the Court is independently able to evaluate the previously-listed factors, the Court finds that none favor Defendant.  Accordingly, the first motion to stay [ECF 140] is **DENIED**.

Defendant's second motion for a stay (ECF 152) requests that the Court stay the final judgment order "until all Post-Trial Motions are ruled on."  In so requesting, however, Defendant also asserts that "[he] will be able to raise substantial issues on appeal" and cites Fed. R. Civ. P. 62(f), which rule provides, in full, that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  In light of this statement and citation, the Court construes Defendant's second motion for a stay as a request to stay of that portion of the judgment awarding Plaintiff attorney's fees pending appeal.

As this Court has previously explained, Rule 62(f) "is in essence a two-part test . . . .  The first question that must be answered is whether the Court's judgment creates a lien upon the judgment debtor's property [pursuant to West Virginia Law]. . . .  The second part of the test under Rule 62(f) requires that the judgment debtor affirmatively establish that [he] would be

entitled to a stay under West Virginia state law." *Holland v. Law*, 35 F. Supp. 2d 505, 506 (S.D. W. Va. 1999) (Hallanan, S.J.).

Here, Defendant presents no argument or authority regarding whether under West Virginia law a judgment for attorney's fees is a lien on the judgment debtor's property. Nonetheless, it appears that West Virginia would likely treat the judgment as one creating a lien upon the judgment debtor's real property. *See* W. Va. Code § 38-3-6. Defendant also presents no argument or authority as to whether he would be entitled to a stay under West Virginia law. However, as this Court has explained:

> West Virginia Code section 55–14–4(a) makes clear that in order to obtain a stay of execution on a foreign judgment pending appeal, the judgment debtor must satisfy the security requirements of the jurisdiction in which it was rendered. Hence, absent compliance with Rule 62(d) of the Federal Rules of Civil Procedure, the judgment debtor cannot obtain a stay under § 55–14–4 of the West Virginia Code.

*Holland*, 35 F. Supp. at 506-07.

Here, even assuming without deciding that Defendant has made the required showing under Fed. R. Civ. P. 62(f), Defendant has not complied with Fed. R. Civ. P. 62(d).

Under Fed. R. Civ. P. 62(d) an appellant may obtain a stay on certain judgments by supersedeas bond. *See also* Fed. R. App. P. 8 and L.R. App. P. 8; *CSX Transp., Inc. v. Peirce*, 5:05CV202, 2013 WL 5674850, at *2 (N.D. W. Va. Oct. 17, 2013) (noting that Rule 62 "has been interpreted to entitle an appellant to a stay of execution of the judgment as a matter of right upon the filing of a supersedeas bond," within the exceptions enumerated by that rule).

While "[a] full supersedeas bond is the norm," a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal. *Halbach v. Great-W. Life & Annuity Ins. Co.*, 4:05CV022399ERW, 2009 WL 214671, at *1−2 (E.D. Mo. Jan. 28, 2009) (citing *Miami Int'l*

*Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)). A full bond may not be necessary when either: "(1) the judgment debtor can easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, [or] (2) when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Van Romer v. Interstate Products, Inc.*, CIV.A.606-2867-WMC, 2010 WL 1999528, at *2 (D.S.C. May 19, 2010) (internal quotations and citations omitted); *cf. Holland*, 35 F. Supp. 2d at 506 (holding that defendant's motion for a stay was "fatally flawed as she has not proposed a plan to provide security by way of supersedeas bond that adequately protects the interest of the plaintiffs").

Here, there is no indication in the record that Defendant has filed a supersedeas bond. Moreover, Defendant has not alleged any basis upon which the Court should exercise its discretion to waive the bond requirement or to require only a partial bond, nor has he presented any information regarding his financial condition from which the Court could evaluate the propriety of such an exception.

For these reasons, namely Defendant's failure to make any argument or cite any authority in support of his motion under Fed. R. Civ. P. 62(f) and his failure to comply with Fed. R. Civ. P. 62(d), the Court **DENIES** Defendant's second motion to stay [ECF 152] to the extent that it can be construed as requesting a stay pending appeal of the judgment awarding Plaintiff attorney's fees. Moreover, to the extent that this motion (ECF 152) also can be construed as requesting a stay generally on the entirety of the Final Judgment Order the Court notes that Defendant only requests that a stay be entered while post-trial motions are pending. As such, the motion [ECF 152] is additionally **DENIED AS MOOT** in light of the disposition of all post-trial motions in this Memorandum Opinion and Order.

*B. Motions for a New Trial and/or to Alter or Amend the Final Judgment Order Pursuant to Fed. R. Civ. P. 59*

Defendant's next group of motions, construed liberally, request a new trial and to alter or amend the judgment pursuant to Fed. R. Civ. P. 59.[3]

Defendant's first motion of this type, "Defendants Motion for New Trial" (ECF 141) is without merit. The Court's prior Memorandum Opinion and Order and Judgment Order adopted Magistrate Judge Stanley's PF&R and granted Plaintiff's motion for summary judgment and a permanent injunction. (ECF 31 at 57; ECF 59 at 22−23.) There was no trial in this civil action.

To the extent that this motion also seeks to alter the Final Judgment Order under Fed. R. Civ. P. 59(e), the asserted bases also lack merit.

A Rule 59(e) motion is discretionary. It need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become

---

[3] The Court observes that in many of Defendant's motions he has moved, often alternatively, pursuant to Fed. R. Civ. P. 52(b), which rule provides, in full:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

As a district court in Virginia has explained, however:

> The findings referred to in Rule 52(b), however, are only those judicial findings made "[i]n an action tried on the facts without a jury or with an advisory jury," Fed. R. Civ. P. 52(a)(1). In this case, the matter was not tried before the court without a jury, but was decided on summary judgment. "Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding." *Orem v. Rephann*, 523 F.3d 442, 451 n. 2 (4th Cir. 2008) (Shedd, J. concurring). Nevertheless, "a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend."

*Hurst v. State Farm Mut. Auto. Ins. Co.*, CIV. A. 7:05CV00776, 2008 WL 4974786, at *2 (W.D. Va. Nov. 21, 2008) *aff'd,* 324 F. App'x 250 (4th Cir. 2009). Here, as in *Hurst*, no trial occurred but the Court's Memorandum Opinion and Order adopted the PF&R's recommendation and granted summary judgment for Plaintiff. Accordingly, although Rule 52(b) is not properly invoked by Defendant, where Defendant has moved pursuant to Rule 52 and the motion has been timely filed under that rule, such motions are simply construed as filed under Rule 59.

available, or that there is a need to correct a clear error or prevent manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

Defendant first asserts that the Court was improperly influenced. In support of this argument he cites his own declaration noting that Plaintiff's counsel contacted chambers by telephone. As previously explained to Defendant at the February 14, 2014, hearing, this call to chambers staff inquired about whether Plaintiff could introduce expert witness testimony at the contempt hearing. It was disclosed on the docket in the Court's February 12, 2014, Order (ECF 132), and again explained on the record at the February 14, 2014, motions hearing. In light of Defendant's letter to the State of West Virginia Office of Disciplinary Council (ECF 147), however, which letter Defendant filed on the docket of this civil action, the Court endeavors to make completely clear on the record that contrary to Defendant's contention, Plaintiff's counsel's call was not a violation of the Federal Rules of Civil Procedure, not a violation of any Order of this Court, and not, in any way, inappropriate or unethical. Defendant's argument is meritless and provides absolutely no basis upon which to alter or amend the judgment under Rule 59(e).

Defendant's additional assertion that Plaintiff engaged in fraud, misrepresentation, and other misconduct is entirely conclusory.[4] Accordingly, the Court **DENIES** this motion [ECF 141].

Next, Defendant's "Motion to Amend Order and Judgment" (ECF 154) also seeks to amend the Final Judgment Order by excising the first, second, and third bulleted paragraphs. Because it was filed within 28 days of the entry of the Final Judgment Order, the Court construes

---

[4] Moreover, Defendant's other arguments, to the extent that they may be construed as arguments, concern matters pending before the United States Patent and Trademark Office ("USPTO") and the Trademark Trial and Appeal Board ("TTAB"). To the extent that Defendant also relies on such arguments in this motion, the motion [ECF 141] is also **DENIED** for the reasons stated below in subparts D and E.

the motion as brought pursuant to Rule 59.[5] *See Tawney v. AC & R Insulation Co., Inc.*, CIV. WDQ-13-1194, 2014 WL 3725926, at *1 n.2 (D. Md. July 24, 2014) ("A motion for reconsideration filed within 28 days of the judgment is analyzed under Fed. R. Civ. P. 59(e)."); *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008) (noting that a Rule 60(b) motion filed with the timeframe then provided for by the Fed. R. Civ. P. for filing a Rule 59 motion and that called into question the correctness of the judgment is properly construed as a Rule 59(e) motion).

To the extent that Defendant expresses confusion regarding the "protected logo" described in the first bulleted paragraph, the Court directs Defendant to the Memorandum Opinion and Order previously entered in this case (ECF 59) for clarification and rejects his objection. To the extent that Defendant objects to paragraph two of the Final Judgment Order, his objections are alternatively conclusory, confusing, irrelevant, and frivolous, and the Court rejects them outright. To the extent that Defendant objects to the third bulleted paragraph, his motion simply restates the language of that paragraph and "request[s] that this mandate number three (3) be stricken." Defendant offers no argument in support of that request, and the Court rejects such an objection as conclusory and meritless. Accordingly, the Court also **DENIES** this motion [ECF 154].

Next, Defendant's "Motion to Amend Final Judgment Order" (ECF 156) was served on the last day on which to timely file a Rule 59(e) motion,[6] and, accordingly, the Court construes it

---

[5] The Court observes that with this motion as well as all other motions in which Defendant moves alternatively pursuant to Fed. R. Civ. P. 59 and 60, the Court's decision would be the same under both rules. Indeed, to the extent that Defendant's two motions made explicitly and exclusively under Rule 60(b), *see* subpart C *infra*, can also be construed as being made under Rule 59, those motions [ECF 142; ECF 150] are also **DENIED** as failing to establish any basis for relief under Rule 59.

[6] The Final Judgment Order was entered on February 19, 2014. Accordingly, because a motion to alter or amend a judgment must be filed no more than 28 days after the entry of the judgment, *see* Fed. R. Civ. P. 59(e), the last day on which to file Rule 59(e) motions was March 19, 2014.

as such a motion. To the extent that Defendant avers that the third bulleted paragraph of the Final Judgment Order (which provision defines the scope of the term "use" as used in the injunction with respect to the protected logo and word marks) violates the First Amendment, the Court rejects his argument as lacking merit and also as not a basis for relief pursuant to Rule 59 (or, for that matter, Rule 60). Defendant does not have a First Amendment right to use the protected logo and marks in the manner in which he is enjoined from doing so. Moreover, to the extent that Defendant disputes the ownership of a relevant word mark, the Court rejects his argument for these same reasons as well as those stated in subpart D below. Accordingly, the Court also **DENIES** [ECF 156] this motion.

*C. Motions to Set Aside Final Judgment Order pursuant to Rule 60(b)*

Next, Defendant has filed two motions to "set aside" the Final Judgment Order and that appear to seek relief explicitly and exclusively pursuant to Fed. R. Civ. P. 60(b). Accordingly, the Court considers them as such, while noting that it would reach the same conclusion construing such motions under Rule 59. (*See* n.5 *supra*.)

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

"A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Lynn v. Alexander*, 474 F. App'x 950, 951 (4th Cir. 2012) *cert. denied,* 133 S. Ct. 545 (2012) (citation and quotations omitted). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Additionally, "[a]lthough Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief . . . to situations involving extraordinary circumstances . . . ." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993).

Here, Defendant's first motion for 60(b) relief (ECF 142) simply lays out various rules and standards without any argument. To the extent that these standards relate to evaluating newly discovered evidence under Rule 60(b)(2), Defendant has not identified in this motion any newly discovered evidence. Accordingly, this motion [ECF 142] is **DENIED**.[7]

Defendant's second such motion (ECF 150) appears to identify certain claims on which Plaintiff was not successful (ECF 150 at 3) and seeks to "set aside" the Final Judgment Order based on "newly discovered evidence appear[ing] on the Plaintiff's website where Plaintiffs' [sic] claim to be 'expanding across North American' [sic]." Even assuming without deciding that this statement constitutes newly discovered evidence, Defendant presents no explanation as to how or why such a statement is relevant to the Court's prior rulings in this case. To the extent

---

[7] To the extent that Defendant asserts that the Court erred by not indicating whether the dismissal of this civil action was with or without prejudice (ECF 142 at 3), the Court notes that unless otherwise specified in a district court's order a dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(2).

11

that Defendant may be arguing that this counsels against continued application of Defendant's injunction from using the word mark "Brothers of the Wheel" or the acronym "BOTW" to identify any motorcycle club in Plaintiff's area of operation, including on the Internet, the Court disagrees and finds that this fact does not undermine that judgment or the injunction.

Moreover, Defendant has not made a threshold showing that he is entitled to Rule 60(b) relief. Accordingly, the second motion to set aside the judgment [ECF 150] is **DENIED.**

*D. Motions Seeking Relief Based on Defendant's Purported Trademark*

Many of Defendant's post-judgment motions relate to Defendant's prior and evidently ongoing attempts to pursue alternate avenues beyond litigation in this Court to obtain control over Plaintiff's trademark(s).[8] The Court previously detailed some of these actions in its Memorandum Opinion and Order (ECF 59 at 9−10 & 10 n.7) and Defendant's instant motions largely turn on Defendant's efforts to trademark the standard character mark "Brothers of the Wheel" for embroidered patches for clothing. As the Court previously observed in its Memorandum Opinion and Order, it appeared at that time that such mark would likely be issued to Defendant due to Plaintiff's failure to comply with the appropriate procedural rules for filing a proper notice of opposition to the mark's registration. Indeed, it appears that this mark (USPTO Serial No. 85509063) was ultimately issued to Defendant on March 13, 2013.

As the Court also previously observed in its Memorandum Opinion and Order, however, the issuance of this registration to Defendant "does not mean he is immune from suit for

---

[8] Defendant also repeatedly references two copyrights of which he is listed as author: "Brothers of the Wheel," Registration No. TXu 1-857-219, with an effective date of registration of September 6, 2012; and "Brothers of the Wheel M.C. By-laws," Registration No. TX 7-800-119, with an effective date of registration of November 7, 2013. The Court has no information regarding what works these copyrights concern, and, more importantly, nothing in the Court's Memorandum Opinion and Order or Final Judgment Order directly addressed any copyrighted material. Accordingly, the Court finds that Defendant's purported possession of such copyrights has no significant bearing on the disposition of any of Defendant's post-judgment motions.

infringing Plaintiff's identical work mark" or that Plaintiff would be without recourse in front of the United States Patent and Trademark Office ("USPTO"). (ECF 59 at 10 n.7)

Indeed, Plaintiff appears to have pursued such remedies before the Trademark Trial and Appeal Board of the USPTO. The status of Defendant's mark as of May 7, 2014, indicates that "[a] cancellation proceeding is pending at the Trademark Trial and Appeal Board." *See* BROTHERS OF THE WHEEL, Registration No. 4299480; *see generally* USPTO Trademark Electronic Search System, TESS, *available at* http://www.uspto.gov/trademarks/index.jsp (last visited August 1, 2014). The cancellation proceeding appears to be active, although it appears to be currently suspended pending disposition of respondent's (Defendant, in this action) motion to dismiss. *See* Proceeding No. 92059164 (BROTHERS OF THE WHEEL, Registration No. 4299480), Trademark Trial and Appeal Board Inquiry System, TTABVUE, *available at* http://ttabvue.uspto.gov/ttabvue/ (last visited August 1, 2014).

Defendant's motions essentially argue that under Fed. R. Civ. P. 59 and 60 the issuance of this mark constitutes "newly discovered evidence" and upends the entire foundation of this case such that the Final Judgment must be set aside. Defendant is mistaken.

The Court observed in its Memorandum Opinion and Order (ECF 59 at 9−10 & n.7), that the issuance of this mark would not change the disposition of the judgment. Accordingly, the fact that the mark was ultimately issued to Plaintiff changes nothing in the Court's prior ruling. The fact that Plaintiff has pursued an appeal seeking to cancel Defendant's registration only strengthens this conclusion.

The parties will have to resolve the status of this disputed mark before the TTAB, but that pending proceeding presents no basis under either Rule 59 or Rule 60 (or any other rule) for altering or amending or relieving Defendant from this Court's judgment.

For these reasons, those motions in which Defendant also moves for relief under either Rule 59 or Rule 60 based on the issuance of the above-described word mark [ECF 154, 156, 160, 167] are **DENIED.**

*E. Motions Seeking New Forms of Relief*

Related to this disputed word mark are multiple motions (ECF 148, 164; 165; 166; 167; 168; 169; 170; 171; 172; 174; 175; 176) in which Defendant seeks injunctive relief against Plaintiff for alleged violations of Defendant's disputed trademark (and copyrights), or requests cancellation of Plaintiff's "membership mark," or asserts various causes of action against Plaintiff including claims of civil RICO, tortious interference, defamation, and Lanham Act violations (*see, e.g.*, ECF 164 at 3; 172 at 3; 174 at 3, 175; 176). These motions are not properly made in this case at this stage of the litigation.

Indeed, perhaps aware of that fact, the Court observes that not only are many of these motions similar if not identical to one another, but many if not most are substantially similar or identical to motions filed in a related case initiated by Defendant (No. 1:13-cv-32251). All of these motions and the relief requested are more properly pursued in that civil action, if anywhere. Accordingly, these motions [ECF 148, 164; 165; 166; 167; 168; 169; 170; 171; 172; 174; 175; 176] are **DENIED**.[9]

Additionally, to the extent that some of these motions are in fact duplicative of motions filed in case number 2:13-cv-32251, the Court observes that the motions in case number 2:13-cv-32251 are referred to United States Magistrate Judge Dwane L. Tinsley and that Magistrate Judge Tinsley recently indicated that he has taken such motions under advisement (ECF 65).

---

[9] Additionally, to the extent that some of these motions are brought pursuant Rule 52 and Rule 59, because they were filed after the 28 day window provided by those rules the Court alternatively construes them as being brought pursuant to Rule 60 but also **DENIES** them as not setting forth any basis for relief under that Rule.

(*Compare* ECF 164 in case number 2:11-cv-00104 *with* ECF 46 in case number 2:13-cv-32251; *and compare* ECF 168 *with* ECF 47; *and compare* ECF 169 *with* ECF 48; *and compare* ECF 170 *with* ECF 54; *and compare* ECF 171 *with* ECF 51; *and compare* ECF 172 *with* ECF 52; *and compare* ECF 174 *with* ECF 55; *and compare* ECF 176 *with* ECF 57.)  For that reason, the substantially similar motions filed in this case [ECF 164, 168, 169, 171, 172, 174, 176] are additionally **DENIED AS MOOT**.

Finally, to the extent that Defendant also challenges the award of attorney fees in his "Motion to Amend Final Judgment Order" (ECF 167 at 3 ¶ 14), that motion is also **DENIED** as to that ground for reasons stated more fully on the record at the February 14, 2014, motions hearing, including the fact that Plaintiff's counsel provided additional information to the Court.

For all of these reasons, all of these motions [ECF 148, 164; 165; 166; 167; 168; 169; 170; 171; 172; 174; 175; 176] are **DENIED**.

*F.  Motion for Contempt*

At the February 14, 2014, motions hearing, the Court denied both parties' motions for contempt.  Thereafter, Defendant submitted a "Post-trial Brief in Support of Motion for Contempt."  (ECF 107.)

To the extent that Defendant requests that the Court reconsider its prior ruling denying his motion for contempt, the Court declines to do so.  Defendant has presented no factual or legal basis for revisiting the denial of his previously-filed contempt motion (ECF 107).  Indeed, the crux of Defendant's motion appears to concern allegations that the Court explained to Defendant, at the February 14, 2014, motions hearing, have no basis in fact.  (ECF 138.)

To the extent that the Defendant seeks to assert a new motion for contempt against Plaintiff's counsel for conduct transpiring *after* the February 14, 2014, hearing, he has advanced

15

no factual or legal basis on which to support such a motion. *See Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir. 2000) (citations and quotations omitted) ("A party seeking to hold another party in civil contempt of court must prove the following four elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's favor; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.").

Accordingly, this motion [ECF 151] is also **DENIED**.

*G. Appeal-Related Motions*

Defendant has filed a "Motion to Appeal Final Judgment Order." (ECF 153.) Although styled as a "motion," it is difficult to discern what if any relief Defendant seeks from this Court. Moreover, although Defendant cites various procedural rules, including Federal Rules of Civil Procedure 3 and 4, it seems more likely that his motion is made pursuant to Federal Rules of *Appellate* Procedure 3 and 4, particularly in light of the caption of the document and the fact that it was filed within 30 days of the entry of the Final Judgment Order. Additionally, attached to the "motion" as Exhibit B is a completed Notice of Appeal. (ECF 153-2.) Accordingly, the Court **DIRECTS** the Clerk to re-docket this "motion" [ECF 153] as Defendant's Notice of Appeal.[10] Defendant is **ADVISED**, however, that it is his responsibility to comply with the appropriate rules related to filing an appeal and to ensure that any appeal is properly filed. This includes, but is not limited to, the payment of any filing fees that may be due.

---

[10] To the extent that this "motion" could be construed as seeking post-judgment relief from this Court, however, it [ECF 153] is **DENIED** for failing to articulate any basis for such relief.

Defendant has also moved to extend the time to file an appeal (ECF 149). As noted above in footnote 1, however, the time during which the parties may file appeals has been tolled pending disposition of Defendant's post-judgment motions. *See* Fed. R. App. P. 4(a)(4). Accordingly, the motion [ECF 149] is **DENIED AS MOOT**.

### H. Miscellaneous Motions

Defendant's motion to dismiss (ECF 144) requests that the Court dismiss pursuant to Fed. R. Civ. P. 12(b) and 12(h)(2) Plaintiff's response (ECF 143) to one of Defendant's motions to stay the final judgment order (ECF 140). The cited rules do not apply in this situation and the motion is inappropriately captioned as a motion to dismiss. Substantively, it also raises arguments similar to those discussed above that must be addressed in the parties' pending litigation before the TTAB. Accordingly, the motion [ECF 144] is **DENIED.**

Finally, the Court observes that <u>all</u> of Defendant's motions were submitted in contravention of the Court's Order directing the parties not to file additional motions without leave of the Court, and most fail to comply with Local Rules of Civil Procedure, particularly Rule 7.1(a)(2). These reasons provide another basis for the denial of Defendant's motions.

### III. PLAINTIFF'S PENDING MOTIONS

Plaintiff has filed a number of documents since the February 14, 2014, hearing, but as far as the Court can determine, only two of these filings are motions.[11]

First, Plaintiff has a filed a "Motion for Appeal Bond." (ECF 158.) It requests that the Court require Defendant to post an appeal bond in the full amount of the judgment plus interests

---

[11] Plaintiff has also filed a "Detail of Attorney Fees and Costs of Defendant Disobedience of Court Order" (ECF 157), in which Plaintiff's counsel details certain costs associated with prosecuting this action, including at least $8,762.98 in attorney's fees and costs associated with Plaintiff's unsuccessful prosecution of its contempt motion. This "detail" is unaccompanied by any motion, and the Court cannot determine what action, if any, Plaintiff requests the Court to take in response to this document. To the extent that this "detail" (ECF 157) could be construed as a motion for attorney fees, it [ECF 157] is **DENIED** for failure to comply with Local Rule of Civil Procedure 7.1(a)(2)(6).

because "Defendant has already ignored the Court's Order and perjured himself at the February 14, 2014 hearing, as is amply demonstrated in the [attached exhibit]." Plaintiff's motion is one-paragraph long and contains no citation to legal authority or argument. The connection between the requested appeal bond and Plaintiff's assertions of Defendant's alleged perjury is not clear, and the Court declines to speculate as to Plaintiff's argument or, for that matter, what aspects of the "Court's Order" Plaintiff asserts that Defendant has violated. Because the Court cannot meaningfully evaluate Plaintiff's motion [ECF 158], it is **DENIED**.[12]

Second, Plaintiff has also moved for permission to respond to Defendant's multiple motions or in the alternative for the Court to strike Defendant's motions. (ECF 177.) Plaintiff's motion appears to be an attempt to comply with both this Court's prior Order directing the parties to cease filing motions in this case without leave (ECF 119) and the Court's Final Judgment Order (ECF 139). Defendant filed a response in opposition to Plaintiff's motion. (ECF 178.) The Court finds that a response from Plaintiff is unnecessary for the resolution of Defendant's pending motions, and, in light of the disposition of the motions, Plaintiff's motion [ECF 177] is **DENIED AS MOOT**.[13]

## IV. CONCLUSION

For all of these reasons, the pending motions in this civil matter [140, 141, 142, 144, 148, 149, 150, 151, 152, 154, 156, 158, 160, 161, 164, 165, 166, 167, 168, 169, 170, 171, 172, 174, 175, 176, 177, 179] are all **DENIED**, with the exception of Defendant's "Motion to Appeal"

---

[12] In light of this disposition, Defendant's response [ECF 161] to Plaintiff's motion for an appeal bond, which response is also styled as a "Motion to Deny and Strike," is **DENIED AS MOOT**. Additionally, for the same reasons that the Court denies Plaintiff's motion for an appeal bond, Plaintiff's "Response of Plaintiff to Defendant's Motion for Stay on Final Judgment Order" [ECF 143] is also **DENIED** to the extent that such filing can be construed as moving to require Defendant to post an appeal bond.

[13] For the same reasons, Defendant's motion for leave to file supplementary information in support of his response to Plaintiff's motion for permission to respond [ECF 179] is also **DENIED AS MOOT**.

[ECF 153] which motion the Court **DIRECTS** the Clerk to docket as Defendant's Notice of Appeal.

With this ruling, the parties may now pursue this case [ECF 153-2; ECF 155] in the Fourth Circuit Court of Appeals, which has declined to docket any appeal until resolution of the pending post-judgment motions (ECF 163).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 11, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE