IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BROTHERS OF THE WHEEL
M.C. EXECUTIVE COUNCIL, INC.,

        Plaintiff,

v.                                          CIVIL ACTION NO. 2:11-cv-00104

GERALD R. MOLLOHAN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Mollohan's Rule 60(b) Motion to Vacate Judgment (ECF No. 202). For the reasons stated below, Defendant's motion is **DENIED**.

*I. PROCEDURAL HISTORY*

This matter again warrants a brief summary of the status of this litigation. The Court's November 14, 2012, Memorandum Opinion and Order (ECF No. 59) adopted Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation (PF&R), finding that Defendant Mollohan as a matter of law had willfully and in bad faith infringed upon Plaintiff's registered trademark and falsely designated the origin of Plaintiff's mark in violation of Sections 32(1)(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a). The Court granted Plaintiff's motion for permanent injunctive relief against Defendant Mollohan. It also adopted Magistrate Judge Stanley's recommendation of an award of both treble damages and attorney's fees, but postponed entry of a damages award to allow the parties 30 days to submit an accounting of

Defendant Mollohan's profits resulting from the infringement, any damages sustained by Plaintiff as a result of the infringement, and the costs of the action, including attorney's fees. The Court implemented its rulings by Judgment Order also entered on November 14, 2012 (ECF No. 60).

Thereafter, by Order dated June 6, 2013, the Court awarded Plaintiff monetary damages in the amount of $3.00. (ECF 83.) The Court further held that attorney's fees would be awarded, if at all, upon Plaintiff's submission of a detailed itemization of hours billed and costs charged within 30 days of the entry of that Order. Plaintiff timely filed its Detail of Attorney Fees on July 2, 2013 (ECF 87), to which Defendant responded (ECF 95). For the reasons stated on the record at the February 14, 2014, motions hearing, the Court granted the Plaintiff's petition for attorney's fees and awarded Plaintiff $17,490 in attorney's fees. (ECF 138.) At the same hearing, the Court also denied both parties' motions to hold the other in contempt (ECF 94; ECF 107).

Having addressed all the motions pending at that time, the Court entered a Final Judgment Order on February 19, 2014 (ECF No. 139). The parties continued to file motions in this action, and in a Memorandum Opinion and Order dated August 11, 2014 (ECF No. 183), the Court denied twenty-six of Defendant's motions and two of plaintiff's motions. Additionally, the Court ordered that Defendant's Motion to Appeal (ECF No. 153) be re-docketed as a Notice of Appeal (ECF No. 184). The Fourth Circuit Court of Appeals affirmed this Court's decision in a Judgment entered on July 2, 2015 (ECF No. 197), and denied Defendant's petition for rehearing and rehearing en banc in an Order entered August 4, 2015 (ECF No. 200).

Defendant then filed a Motion to Vacate Judgment on April 25, 2016. The Court now turns to this pending motion.

## II.     DEFENDANT'S PENDING MOTION

In reviewing Defendant's motion, the Court considers the fact that Defendant is acting *pro se*, and his pleadings will be accorded liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). Defendant's Motion to Vacate seeks relief exclusively pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Lynn v. Alexander*, 474 F. App'x 950, 951 (4th Cir. 2012) *cert. denied*, 133 S.Ct. 545 (2012) (citation and quotations omitted). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

3

Additionally, "[a]lthough Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief . . . to situations involving extraordinary circumstances . . . ." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

Defendant's Rule 60(b) Motion seeks relief from the Court's February 19, 2014, Final Judgment Order. Given that this motion was filed more than two years later on April 25, 2016, the Court will address the threshold issue of timeliness first.

Defendant offers only two decipherable arguments potentially cognizable under Rule 60(b): that multiple plaintiffs committed "fraud" as that term is used in Rule 60(b)(3), and that the Court committed a legal error that constitutes a "mistake" for the purposes of Rule 60(b)(1).[1] (ECF No. 202 at 3.) Rule 60(c)(1) specifically provides that motions made under either of these subsections must be brought within a year after entry of the judgment or order from which relief is sought. Given that Defendant's Rule 60(b) motion was filed more than two years after the order it seeks relief from was entered, it is time-barred.

Defendant argues that his Rule 60(b)(1) argument should be construed under Rule 60(b)(6), thus avoiding the one-year period of limitations under Rule 60(c)(1). (ECF No. 202 at 5-6.) Defendant cites to a Ninth Circuit case in which the court ruled that where a party does not receive an order of dismissal, the district court should have discretion to treat a Rule 60(b)(1) motion as a Rule 60(b)(6) motion in order to avoid the "harsh time limitation" of one year. *Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir. 1989). However, Defendant does not assert that he had no notice of

---

[1] Defendant asserts, without citing any case law, that "the weight of authority now suggests that counsel can seek Fed. R. Civ. P. 60(b)(1) relief to correct legal errors, an area traditionally reserved for an appellate court." (ECF No. 202 at 3.) Since Defendant's potential Rule 60(b)(1) argument is time-barred, the Court offers no opinion on whether Defendant's argument is proper under that subsection.

4

the Final Judgment Order he seeks relief from. Further, it is clear that Defendant had notice of this order, as he filed a motion seeking to stay the order only two days after it was entered. (ECF No. 140.) Therefore, there is no basis to treat Defendant's Rule 60(b)(1) claim as a Rule 60(b)(6) claim. Accordingly, none of Defendant's claims avoid the one-year limitations period, and the motion is time-barred.

### III. CONCLUSION

For these reasons, Defendant's Motion to Vacate Judgment (ECF No. 202) is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 30, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE