IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BROTHERS OF THE WHEEL M.C.
EXECUTIVE COUNCIL, INC.,

           Plaintiff,

v.                                            CIVIL ACTION NO. 2:11-cv-00104

GERALD R. MOLLOHAN,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order entered January 4, 2016, and filed in this case on April 26, 2021, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition. (ECF No. 227.) For reasons appearing to the Court, the referral of this matter is hereby **WITHDRAWN**.

Before this Court is the Motion for Proceedings in Aid of Execution filed by Plaintiff Brothers of the Wheel M.C. Executive Council, Inc. ("Plaintiff"). (ECF No. 233.) Plaintiff seeks an order directing the United States Marshals Service to seize four vehicles purportedly owned by Defendant Gerald R. Mollohan ("Defendant") in order to satisfy a judgment rendered in Plaintiff's favor by this Court for attorney's fees in the amount of $17,490.00. (*Id.*) It also requests that this Court direct Defendant to disclose his banking information. (*Id.*) For the reasons explained more fully herein, Plaintiff's Motion for Proceedings in Aid of Execution (ECF No. 233) is **GRANTED**.

I.  BACKGROUND

Plaintiff initially brought this action on February 15, 2011, alleging that Defendant unlawfully appropriated its trademark, which was registered by the United States Patent and Trademark Office ("USPTO") on February 15, 2005.  (ECF No. 1; *see* ECF No. 1-2 at 2–8.) BROTHERS OF THE WHEEL M.C., Registration No. 2926222.  On November 14, 2012, this Court ruled in Plaintiff's favor on its trademark-infringement claims and ordered Defendant to cease using Plaintiff's logo and name.  (ECF Nos. 59, 60.)  Plaintiff was awarded nominal monetary damages of $3.00 on June 6, 2013, (ECF No. 83), and $17,490.00 in attorney's fees on February 19, 2014 (ECF No. 139; *see* ECF No. 146).  The Fourth Circuit Court of Appeals affirmed this Court's decision on July 2, 2015.  (ECF Nos. 196, 197; *see* ECF No. 201.)  Over the next several years, Defendant continually and unsuccessfully attempted to overturn the judgment against him in this Court via filings in the above-styled action and two other lawsuits, *Mollohan, et al. v. Price, et al.*, Civil Action No. 2:13-cv-32251, and *Mollohan, et al. v. Warner, et al.*, Civil Action No. 2:15-cv-12157.

On January 5, 2012, after Plaintiff initiated the above-styled litigation, Defendant filed an application with the USPTO to register his own trademark.  BROTHERS OF THE WHEEL, Registration No. 4299480.[1]  Plaintiff's attempt to oppose the registration of Defendant's mark was procedurally inadequate, and Defendant's mark was registered on March 5, 2013.  *Id.*; *see* Order Denying Opposition, *Brothers of the Wheel M.C. Exec. Council, Inc. v. Mollohan*, No. 85509063 (T.T.A.B. Sept. 20, 2012), https://ttabvue.uspto.gov/ttabvue/v?pno=85509063&pty=E

---

1 Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of matters of public record, such as USPTO filings and Trademark Trial and Appeal Board proceedings.  *Consumer 2.0, Inc. v. Tenant Turner, Inc.*, 343 F. Supp. 3d 581, 585 (E.D. Va. 2018); *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel*, 309 F. Supp. 3d 414, 417 n.2 (E.D. Va. 2018).

XT&eno=6. Plaintiff and Defendant then petitioned the USPTO's Trademark Trial and Appeal Board ("TTAB") to cancel each other's marks. Petition for Cancellation, *Brothers of the Wheel M.C. Exec. Council, Inc.*, No. 92059164 (T.T.A.B. May 6, 2014), https://ttabvue.uspto.gov/ttabvue/v?pno=92059164&pty=CAN&eno=1; Petition to Cancel, *Mollohan v. Brothers of the Wheel M.C. Exec. Council Inc.*, No. 92056674 (T.T.A.B. January 14, 2013), https://ttabvue.uspto.gov/ttabvue/v?pno=92056674&pty=CAN&eno=1. On January 29, 2021, the TTAB dismissed Defendant's petition to cancel Plaintiff's mark with prejudice, holding that claim preclusion barred Defendant's allegations. Final Decision, *Mollohan v. Brothers of the Wheel M.C. Exec. Council Inc.*, No. 92056674 (T.T.A.B. Jan. 29, 2021), https://ttabvue.uspto.gov/ttabvue/v?pno=92056674&pty=CAN&eno=79. Plaintiff's petition to cancel Defendant's mark remains pending before the TTAB. *See* Deconsolidation Order, *Brothers of the Wheel M.C. Exec. Council, Inc. v. Mollohan*, No. 92059164 (T.T.A.B. Apr. 16, 2021), https://ttabvue.uspto.gov/ttabvue/v?pno=92059164&pty=CAN&eno=28.

Several months after the TTAB denied Defendant's petition to cancel Plaintiff's trademark, on April 1, 2021, Plaintiff applied to this Court for a writ of execution to satisfy the judgment this Court rendered in its favor in the above-styled action. (ECF No. 222.) The writ of execution was issued on April 6, 2021. (ECF No. 223.) However, Defendant objected to its issuance, (ECF No. 224), and Plaintiff filed its presently pending Motion for Proceedings in Aid of Execution (ECF No. 233), so the writ was stayed pending further order of this Court (ECF No. 232). Defendant timely responded to Plaintiff's Motion for Proceedings in Aid of Execution (ECF No. 252), and Plaintiff timely replied (ECF No. 257). As such, the motion is fully briefed and ready for resolution.

## II. LEGAL STANDARD

"A money judgment [issued in federal court] is enforced by a writ of execution . . . ." Fed. R. Civ. P. 69(a)(1). This Court applies the West Virginia state law governing execution of judgments and proceedings in aid of execution. *Id.* ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ."); *Wells Fargo Equip. Fin., Inc. v. Asterbadi*, 841 F.3d 237, 243 (4th Cir. 2016) ("[Rule] 69(a)(1) incorporates the state law of the jurisdiction where enforcement is sought for the procedure to be followed in enforcing money judgments."). In West Virginia, money judgments are executed through a writ of fieri facias. W. Va. Code § 38-4-5. As relevant in this case, a writ of fieri facias "may be levied upon" certain items of personal property, including "goods and chattels" and "current money and bank notes." *Id.* § 38-4-6. When the writ of fieri facias is issued and delivered to the executing official, as has been done in this case, it "create[s] a lien . . . upon all of the personal property, or the estate or interest therein, owned by the judgment debtor at the time of such delivery of the writ, or which he may acquire on or before the return day thereof," even if "such property was not levied on or capable of being levied on under [§ 38-4-6]." *Id.* § 38-4-8. The executing official is charged with "mak[ing] the money" to satisfy the judgment "out of the personal property of the person against whom the judgment is." *Id.* § 38-4-6.

## III. DISCUSSION

Defendant opposes Plaintiff's efforts to execute on the judgment in this case for two reasons: first, he argues that his assets are exempt from execution because he is elderly and disabled, and second, he asserts that the pending proceedings before the TTAB will result in the cancellation of Plaintiff's mark and the judgment order in this case being set aside. (ECF No.

4

252.)[2]  Turning first to his contention that his assets are exempt, West Virginia law provides, "Such property as a husband or parent may have listed and set apart as exempt from distress and levy . . . shall not be subject to the lien of a fieri facias." W. Va. Code § 38-4-12. In other words, a judgment debtor's advanced age or disability does not shield his personal property from a writ of fieri facias. Moreover, to claim specific personal property as exempt, the judgment debtor must comply with the procedures set forth in West Virginia Code § 38-8-3, which are the exclusive means to claim an exemption from levy under West Virginia law. Syllabus, *Hatfield* ex rel. *Rose v. Cruise*, 6 S.E.2d 243 (W. Va. 1939) ("The relief afforded by the exemption statute is exclusive."); Syllabus, *Taylor v. Belville*, 74 S.E. 517 (W. Va. 1912) ("The right to exemption of property from legal process depends on statutory authority and is not availing unless claimed in accordance therewith."). Defendant does not maintain that he has endeavored to do so here. (ECF No. 252.) In any event, of the assets currently sought in Plaintiff's motion, Defendant would only be entitled to exempt his interest in a single motor vehicle, "not to exceed $5,000 in value," and up to $1,100 of the funds in his bank account(s). W. Va. Code § 38-8-1(a)(1), (a)(4). He cannot exempt the entirety of the personal property on which Plaintiff seeks to execute.

Turning next to Defendant's assertion that the writ of execution should be stayed until the TTAB proceedings have concluded, there are no proceedings presently pending before the TTAB that in any way affect the judgment this Court has already entered in the above-styled case. Defendant's petition to cancel Plaintiff's mark was dismissed with prejudice—based on this Court's prior ruling in Plaintiff's favor—on January 29, 2021. Final Decision, *Mollohan v. Brothers of the Wheel M.C. Exec. Council Inc.*, No. 92056674 (T.T.A.B. Jan. 29, 2021), https://ttabvue.uspto.gov/ttabvue/v?pno=92056674&pty=CAN&eno=79.  USPTO records

---

2 Plaintiff also represents that he plans to file for bankruptcy and has secured legal representation, (ECF No. 252), but to date, no suggestion of bankruptcy has been filed on the docket in the above-styled case, and Plaintiff has not recently filed a bankruptcy petition in any United States Bankruptcy Court.

5

reflect that Plaintiff's mark is currently valid. BROTHERS OF THE WHEEL M.C., Registration No. 2926222. The only active proceeding before the TTAB involving the parties to the above-styled case[3] is Plaintiff's petition to cancel Defendant's mark, which if successful would not bear on this Court's previous ruling in Plaintiff's favor. *See* Order, *Brothers of the Wheel M.C. Exec. Council, Inc. v. Mollohan*, No. 92059164 (T.T.A.B. May 21, 2021), https://ttabvue.uspto.gov/ttabvue/v?pno=92059164&pty=CAN&eno=30. As such, the ongoing TTAB proceedings do not provide a basis to further delay execution on the judgment in this action.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Proceedings in Aid of Execution (ECF No. 233) is **GRANTED**. The writ of execution issued on April 6, 2021 (ECF No. 223) will be reinstated by separate order.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 2, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[3] Of note, an associate of Defendant's also filed a petition to cancel Plaintiff's mark on June 2, 2014. Petition to Cancel, *Visconi v. Brothers of the Wheel M.C. Exec. Council*, No. 92059292 (T.T.A.B. June 2, 2014), https://ttabvue.uspto.gov/ttabvue/v?pno=92059292&pty=CAN&eno=1. The TTAB dismissed his petition without prejudice for lack of standing but allowed him to file an amended petition. Order, *Visconi v. Brothers of the Wheel M.C. Exec. Council*, No. 92059292 (T.T.A.B. Jan. 29, 2021), https://ttabvue.uspto.gov/ttabvue/v?pno=92059292&pty=CAN&eno=38. A similar action he filed in this Court in 2014 was dismissed for the same reason. *Visconi v. Warner, et al.*, Civil Action No. 2:14-cv-15592. The TTAB suspended the cancellation proceedings on April 16, 2021, pending its resolution of several motions filed by the parties. Deconsolidation Order, *Visconi v. Brothers of the Wheel M.C. Exec. Council*, No. 92059292 (T.T.A.B. Apr. 16, 2021), https://ttabvue.uspto.gov/ttabvue/v?pno=92059292&pty=CAN&eno=61.