IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

BROTHERS OF THE WHEEL M.C.
EXECUTIVE COUNCIL, INC.,

                Plaintiff,

v.                                      CIVIL ACTION NO. 2:11-cv-00104

GERALD R. MOLLOHAN,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following post-judgment motions: Plaintiff's Motion to Lift Stay and for Leave to File Petition to Hold Defendant in Contempt (ECF No. 281); Plaintiff's Petition to Hold Defendant in Contempt of Final Judgment (ECF No. 282); Plaintiff's Motion to Lift Stay and for Leave to File Petition to Hold Defendant in Contempt (ECF No. 283); Defendant's Motion for Leave to File Motion to Dismiss and/or Deny Plaintiff's Motion to Hold Defendant in Contempt and to Hold Plaintiff in Contempt or for Sanctions for Violating Court Order, Motion for Leave to File Motion to Cancel Plaintiff's Trademark, and Motion for Leave to File Motion to Vacate Final Judgment Based on Fraud (ECF No. 284); Defendant's Motion for Leave to File Motion to Request Court to Find Attorney Richard Lindroth Did Commit Fraud in Bankruptcy Proceedings and to File Memorandum in Opposition to Plaintiff's Claims in This and Other Litigation (ECF No. 285); Defendant's Motion for Leave to File Motion for Court to Order Release of Lien (ECF No. 286); Defendant's Motion for Leave to File Motion to File Documents Filed by Plaintiff in Trademark Trial and Appeal Board ("TTAB") Proceedings (ECF No. 287); Defendant's Motion for Leave to File Motion to Dismiss and/or Deny ECF Nos. 282 and 283 and

Find Plaintiff in Contempt of Order in ECF No. 211, and Motion for Leave to File Motion to Cancel Plaintiff's Trademark, and Motion for Leave to File Motion to Vacate Final Judgment Based upon Fraud (ECF No. 288); Defendant's Motion for Leave to File Motion for Pro Se Litigant to Participate and Have Access to Electronic Filing (ECF No. 289); Plaintiff's Motion to Lift Stay (ECF No. 291); Plaintiff's Motion to Reinstate Writ of Execution (ECF No. 292); Defendant's Motion for Leave to File Motion to Dismiss and/or Deny ECF No. 291 and to Hold Plaintiff in Contempt of Order in ECF No. 211, and Motion for Leave to File Request for Stay Pending Bankruptcy Appeal (ECF No. 293); Defendant's Motion for Leave to Respond, Dismiss and/or Deny Plaintiff's Motion to Reinstate Writ of Execution (ECF No. 294); Defendant's Motion for Leave to File Motion for Stay of Litigation Pending TTAB Rulings (ECF No. 296); Plaintiff's Motion to Hold Defendant in Contempt or Alternatively Find that Defendant Transferred Property in Fraud of Creditor (ECF No. 297); Defendant's Motion for Leave to File Counterclaims to Plaintiff's Recent Claims Against Defendant (ECF No. 298); Plaintiff's Motion to Invalidate Defendant's Trademark and Applications to Register Trademark (ECF No. 300); Plaintiff's Motion to Correct Docket Due to Misfiling (ECF No. 302); Defendant's Motion for Entry of Order Granting Extension of Time to Research and Respond to Plaintiff's Motions (ECF No. 303); Defendant's Request to File Response to ECF No. 300 (ECF No. 304); Defendant's Motion for Leave to File Motion to Find Plaintiff in Violation of Rule 11 (ECF No. 305); Defendant's Motion for Leave to File Motion to Cancel Plaintiff's Trademark (ECF No. 306); Defendant's Request for Leave to File Response to ECF No. 300 and to file Motion to Find Plaintiff in Contempt and Impose Sanctions and File Motion to Dismiss Entire Matter (ECF No. 307); Defendant's Motion for Leave to File Motion to Disqualify Counsel (ECF No. 308); and Defendant's Motion for Leave to File Motion to Determine that Plaintiff Committed Malicious, Slanderous, and Defamatory Acts Against Defendant and is Libel [sic] for Damages (ECF No. 309).

I.    RELEVANT PROCEDURAL HISTORY

This trademark infringement litigation has a protracted and torturous procedural history. A brief summary of the relevant actions and decisions is warranted.

The Court's November 14, 2012, Memorandum Opinion and Order adopted Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation (PF&R), finding that Defendant, as a matter of law, had willfully and in bad faith infringed upon Plaintiff's registered trademark, Registration No. 2926222 (which, as found by the Court, protects the name "Brothers of the Wheel" and the logo of the organization), and falsely designated the origin of Plaintiff's mark in violation of Sections 32(1)(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a). (ECF No. 59, adopting ECF No. 31). The Court granted Plaintiff's motion for permanent injunctive relief against Defendant and further adopted Magistrate Judge Stanley's recommendation of an award of both treble damages and attorney's fees, but postponed entry of a damages award to allow the parties 30 days to submit an accounting of Defendant's profits resulting from the infringement, any damages sustained by Plaintiff as a result of the infringement, and the costs of the action, including attorney's fees. (*Id.*) The Court implemented its rulings by Judgment Order also entered on November 14, 2012. (ECF No. 60). Thereafter, by Order dated June 6, 2013, the Court awarded Plaintiff nominal treble damages in the amount of $3.00, finding that Plaintiff had not sufficiently demonstrated actual damages. (ECF No. 83). The Court further held that attorney's fees would be awarded, if at all, upon Plaintiff's submission of a detailed itemization of hours billed and costs charged within 30 days of the entry of that Order. (*Id.*)

Plaintiff timely filed its Detail of Attorney Fees on July 2, 2013 (ECF No. 87), to which Defendant responded (ECF No. 95), and on July 10, 2013, Plaintiff also filed its first Motion to Hold Defendant in Contempt of Judgment Order (ECF No. 94). The Court held a hearing on

February 14, 2014, during which it addressed and awarded attorney's fees payable to Plaintiff in the amount of $17,490, and further heard evidence on and denied Plaintiff's contempt motion. (ECF Nos. 138, 193). With all pending motions having been addressed, the Court entered a Final Judgment Order on February 19, 2014. (ECF No. 139). The Final Judgment Order directed Defendant to pay Plaintiff **$17,490** in attorney's fees and restated the permanent injunctive relief ordered by the Court as follows:

> • Defendant Mollohan is ORDERED to cease use of the protected logo featuring concentric circles with an eagle clutching battle axes at its center to identify a motorcycle club organized or operating in Ohio, West Virginia, or Kentucky.
>
> • Defendant Mollohan is further ORDERED to cease using the word mark "Brothers of the Wheel" or the acronym "BOTW" to identify any motorcycle club, to the extent the mark is used in Plaintiff's area of operation—that is, Kentucky, West Virginia, and Ohio.
>
> • "Use" of the aforesaid logo and word marks by Defendant Mollohan includes the use by any other person at the direction of Defendant Mollohan and shall include use, in any manner, on the Internet.
>
> • Defendant Mollohan is ORDERED to dissolve any business entity organized in West Virginia, Kentucky, or Ohio bearing the name "Brothers of the Wheel."
>
> • Defendant Mollohan is ORDERED to submit to the Court within thirty days of the entry of this order a report detailing his compliance with its requirements. Failure to submit a report may lead to the imposition of sanctions, including monetary fines or imprisonment.
>
> • The parties are ORDERED to submit to the Court within thirty days of the entry of this order a report setting forth in detail any profits Defendant received from the infringement, any damages sustained by Plaintiff as a result of the infringement, and the costs of the action, including attorney's fees.

(*Id.* at 1-2). The Court further noted that the final three mandates of the Order appeared to have already been satisfied. (*Id.* at 2 n.1).

Immediately after the entry of the Final Judgment Order, Defendant filed a flurry of post-judgment motions, including motions that the Court construed as motions to alter or amend the judgment under Rule 59(e) or to vacate or set aside the judgment under Rule 60(b) of the Federal

4

Rules of Civil Procedure. Those motions were denied by Memorandum Opinion and Order entered on August 11, 2014. (ECF No. 183). With respect to the motions construed to be brought under Rule 60(b), the Court found that Defendant had not presented any newly discovered evidence (including the fact that Defendant had obtained his own trademark) that would undermine the judgment or injunction and that "[t]he parties will have to resolve the status of [the disputed marks] before the TTAB." (*Id.* at 10-13). Both parties appealed the judgment order. (ECF Nos. 155, 184).

On July 2, 2015, the United States Court of Appeals for the Fourth Circuit found the arguments made in the parties' cross-appeals to be without merit and affirmed the district court's Final Judgment Order. *Brothers of the Wheel M.C. Exec. Council, Inc. v. Mollohan*, Nos. 14-1813 and 14-1815, 609 F. App'x 149, 2015 WL 4036169 (4th Cir. July 2, 2015). (ECF No. 196). Defendant's petition for rehearing was denied and a mandate issued on August 12, 2015. (ECF No. 201). No petition for a writ of certiorari was filed.

Undeterred, however, Defendant filed another motion to vacate the judgment under Rule 60(b) arguing, in pertinent part, that the Plaintiff had committed fraud and that the Court committed a legal mistake resulting in manifest injustice. (ECF No. 202). However, because that motion was filed more than two years after entry of the Final Judgment Order, the Court found that the motion was untimely under any provision of Rule 60(b). (ECF No. 205).

Thereafter, Defendant filed a litany of other post-judgment motions, including motions to cancel Plaintiff's trademark and additional motions to find that Plaintiff and its representatives engaged in fraud, that were also denied by the District Court. (ECF No. 211). The Order denying those motions also ordered that the parties must seek leave of court before filing any further motions or other documents herein. (*Id.* at 2-3). The Order specified:

> A party seeking to file a motion or other document should first file a motion seeking leave, identifying the document the party wishes to file and including a brief

5

> description of the document's relevance. The party should not proceed to file the underlying document, or argue its merits, until receiving permission from the Court to do so. Defendant Mollohan's practice of simply characterizing his motions as "leave of Court to file," but then proceeding to present his substantive arguments without permission, does not comply with this procedure.

(*Id.*) Thereafter, Defendant filed motions for leave to file additional untimely and unsupported post-judgment motions (ECF Nos. 213-220), seeking, among other things, to challenge and cancel Plaintiff's trademark, to vacate the judgment for fraud, and to consolidate this closed case with another case filed by Defendant, which had also been dismissed by that time.[1] Those motions were denied by Order entered on October 5, 2017. (ECF No. 221).

No further activity occurred in this long-closed case until April of 2021, when Plaintiff resurrected its efforts to collect on the judgment. (ECF Nos. 222, 226). The Court overruled Defendant's objections and requests to stay the writ of execution that had been issued, and on June 2, 2021, the Court ordered Defendant to "immediately deliver the property identified on the Process Receipt and Return Form USM-285 filed at ECF No. 223-1[2] to the United States Marshals Service ["USMS"] according to its instructions." (ECF No. 260 at 1 (footnote omitted)). However, immediately following the entry of this Order, Defendant filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code on June 3, 2021. *In re Gerald Roscoe Mollohan*, No. 2:21-bk-20130. (ECF No. 261). Consequently, on June 24, 2021, the Court generally stayed this matter pending the outcome of the bankruptcy proceedings. (ECF No. 272).

---

1 Defendant and his associate, Frank Visconi, had initiated additional civil actions alleging trademark and copyright infringement, among other claims (including claims of fraud and defamation), and many motions similar to these were also filed in those civil actions. However, those civil actions were ultimately dismissed based upon res judicata and collateral estoppel, or for lack of subject matter jurisdiction based on standing. *See Mollohan v. Price*, No. 2:13-cv-32251, ECF No. 375, 376 (S.D.W. Va. Mar. 31, 2017) (summary judgment granted to Defendants); *Visconi v. Warner*, No. 2:14-cv-15592, ECF Nos. 24, 25 (S.D.W. Va. Mar. 10, 2015) (dismissed for lack of subject matter jurisdiction). A third suit was voluntarily dismissed by Mollohan and Visconi on March 17, 2016. *Mollohan v. Brothers of the Wheel*, No. 2:15-cv-12157, ECF No. 8 (S.D.W. Va. Mar. 17, 2016).
2 The USM-285 form directed Defendant to turn over a 1999 Harley Davidson motorcycle, a 1972 Ford truck, a 2018 Chevrolet Silverado, and a 2018 Chevrolet Traverse to the USMS in an attempt to satisfy the judgment.

During the bankruptcy proceedings, Plaintiff initiated an adversary proceeding[3] against Defendant. *Brothers of the Wheel MC Exec. Council, Inc. v. Mollohan*, No. 2:21-ap-02007. In the adversary proceeding, the parties attempted to further litigate the issues of whether the Plaintiff (creditor) and its representatives had engaged in fraud, whether there was a basis to cancel each other's trademarks, and whether either party or its representatives should be sanctioned or held in contempt. Ultimately, Defendant Mollohan (debtor) was sanctioned for his litigation behavior both with monetary sanctions and an order requiring him to retain counsel to represent him in further bankruptcy proceedings. *Id.*, ECF Nos. 77, 90, 180. Defendant's motion to hold Plaintiff's representatives in contempt was denied. *Id.*, ECF No. 79. The bankruptcy court also declined to address the parties' requests to cancel each other's trademarks as being immaterial to the seminal issue before the court of whether the debt owed by Defendant was dischargeable.

On April 4, 2023, the bankruptcy court issued its final order granting summary judgment to Plaintiff in the adversary proceeding and finding that Defendant's debt concerning the attorney fees owed to Plaintiff in this matter is nondischargeable. *Id.*, ECF No. 266. Defendant appealed that decision to the District Court on April 27, 2023, and that appeal is pending before the Honorable John T. Copenhaver, Jr., in Case No. 2:23-cv-00358 (S.D.W. Va. Apr. 27, 2023). On June 19, 2023, the bankruptcy court denied Defendant's motion for stay pending appeal. No. 2:21-ap-02007, ECF No. 295.[4]

The decision of the bankruptcy court resulted in the filing of the 33 motions now pending herein, beginning in December of 2024. On January 23, 2025, the presiding District Judge lifted the stay and referred the pending motions to the undersigned United States Magistrate Judge for

---

3  An adversary proceeding is a lawsuit within the bankruptcy proceeding initiated to resolve specific legal disputes that cannot be addressed through standard motions and works like any other civil case, which can include an evidentiary hearing or trial. As addressed *infra*, the adversary proceeding involving Plaintiff and Defendant was resolved on summary judgment for the Plaintiff.

4  The bankruptcy court also issued a final decree and closed the bankruptcy case (No. 21-bk-20130, ECF No. 169) on December 13, 2024.

disposition. On March 3, 2025, after more motions had been filed, the undersigned entered an Order directing the parties to cease filing any additional documents of any sort, unless specifically ordered by the Court. (ECF No. 310).

In large part, the pending motions filed by Defendant seek leave of court to file additional motions to set aside or vacate the Final Judgment Order based upon alleged fraud by the Plaintiff's representatives or its counsel during the proceedings in this civil action, in the proceedings before the TTAB, or in Defendant's bankruptcy proceedings. Defendant also seeks to hold Plaintiff or its counsel in contempt or to have sanctions, including disqualification of counsel, imposed for their conduct. Defendant also continues to seek the opportunity to argue for cancellation of Plaintiff's trademark through this long-closed civil action, despite its final judgment that was affirmed on appeal, and despite the pending matters before the TTAB, a forum which is authorized to grant such relief. Finally, Defendant's motions seek leave to file motions to avoid the obligation to satisfy the judgment herein or to stay such judgment pending the resolution of collateral proceedings, including the bankruptcy appeal and the administrative actions before the TTAB.

Meanwhile, Plaintiff's motions seek to execute on the final judgment and to hold Defendant in contempt for alleged violations of the injunction imposed therein, including requests for the award of additional attorney's fees and costs, as well as Plaintiff's own motions to cancel Defendant's trademark registration and applications pending before the TTAB. The undersigned will address each motion herein.

## II. DISCUSSION

A. Motions to lift stay and motion for stay pending bankruptcy appeal.

As noted above, on January 23, 2025, the presiding District Judge lifted the stay previously imposed due to Defendant's filing of a Chapter 13 bankruptcy petition. Accordingly, to the extent

that Plaintiff's motions in ECF Nos. 281, 283, and 291 request that the stay be lifted, it is hereby **ORDERED** that those motions are **DENIED AS MOOT**.

Defendant, on the other hand, seeks leave to file a motion to re-stay this matter pending the resolution of his bankruptcy appeal (ECF No. 293). However, the automatic stay imposed when the bankruptcy petition was filed ceased when the bankruptcy court dismissed and closed the bankruptcy case and Defendant has not obtained a stay from the district court in the bankruptcy appeal. *See In re Stith*, 139 F.3d 892 (Table), 1998 WL 116164, at *1 (4th Cir. Mar. 17, 1998); *Hayes v. U.S. Bank Trust N.A.*, No. 6:24-cv-0004, 6:24-cv-00011, 2024 WL 4026585, at *2 (W.D. Va. Sept. 3, 2024) (an appellant "los[es] the protections granted by the automatic stay as soon as his petition is dismissed . . . ."); *Wilson v. Trustees Under Stan S. Cutler Revocable Trust Agreement*, No. 3:19-cv-88, 2019 WL 6689903, at *2 (E.D. Va. Dec, 6, 2019) ("A dismissal order in a Chapter 13 case dissolves the automatic stay") (citing 11 U.S.C. §§ 362(c), 349(b)(3)) (other citations omitted).

Consequently, the undersigned believes that the stay herein was properly lifted, and that the judgment herein may be executed, as appropriate, notwithstanding the pending bankruptcy appeal and any new stay must be imposed by the judge handling the bankruptcy appeal in accordance with the bankruptcy appellate rules. Moreover, the undersigned finds Defendant's argument made in ECF No. 293 that Plaintiff's filings in the bankruptcy proceedings violated Judge Johnston's pre-filing restriction order contained in ECF No. 211 to be frivolous. It is the province of the district judge in the bankruptcy appeal to manage and control his own docket, which is unaffected by any docketing orders herein. Consequently, it is hereby **ORDERED** that Defendant's motion for leave filed in ECF No. 293 is **DENIED**.

B. Defendant's motion seeking leave to file motion to prove defamation by Plaintiff.

Defendant has filed a Motion for Leave to File Motion to Determine that Plaintiff Committed Malicious, Slanderous and Defamatory Acts Against Defendant and that Plaintiff is Libel [sic] for Damages (ECF No. 309). The presiding District Judge herein previously found that Defendant was precluded from bringing a defamation claim against Plaintiff in Case No. 2:13-cv-32251 based on res judicata and collateral estoppel. (No. 2:13-cv-32251, ECF No. 375).

"Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir.2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Three elements must be satisfied for res judicata to apply. "[T]here must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55. Additionally, the court should take into account the practical considerations of whether the party or its privy knew or should have known of its claims at the time of the first action and whether the court in which the first ruling was made was an effective forum to litigate the relevant claims. *Grausz v. Englander*, 321 F.3d 467, 473-74 (4th Cir. 2003).

"Collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom issue preclusion is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Grp., Inc*., 134 F.3d 219, 224 (4th Cir. 1998) (quoting *Ramsay v. INS*, 14 F.3d 206, 210 (4th Cir. 1994)). A party seeking application of collateral estoppel must establish the following five elements: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3)

10

determination of the issue must have been a critical part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. *Id.*; *see also Collins v. Pond Creek Mining Co.*, 468 F.3d 213 (4th Cir. 2003).

Thus, Defendant would likely again be prohibited from pursuing a defamation claim in a post-judgment motion herein, or in a separate new civil action, as such a claim would seek to relitigate a claim or issue involving the same parties to the valid final judgment herein where the parties had a full and fair opportunity to litigate the claim or issue previously. Therefore, granting leave to file such a motion now would be futile. Accordingly, it is hereby **ORDERED** that Defendant's Motion for Leave to File Motion to Determine that Plaintiff Committed Malicious, Slanderous and Defamatory Acts Against Defendant and that Plaintiff is Libel [sic] for Damages (ECF No. 309) is **DENIED**.

C.   Defendant's requests to file motions to set aside judgment based on fraud.

Defendant has filed several motions in which he seeks leave to file motions asserting that the final judgment herein be vacated or set aside based upon fraud committed by Plaintiff's officers or its counsel earlier in this civil action, or in the collateral TTAB and bankruptcy proceedings. (ECF Nos. 284, 285, and 288). The same or similar motions also seek to hold Plaintiff or its counsel in contempt or to impose sanctions for violating this Court's order in ECF No. 211, which requires leave of court before new motions may be filed. The contempt issue will be addressed further *infra*.

The judgment in this civil action has been final for over 10 years. Nonetheless, the parties have continued to engage in contentious litigation concerning the ownership and use of trademarks before the TTAB, which also spilled over into numerous motions filed in the adversary proceeding in Defendant's bankruptcy, many of which mirror the filings now before this Court or which have

been previously filed and denied herein. In each forum, Defendant has been admonished and even sanctioned for filing repetitive, frivolous, and unsupported motions and responses. Plaintiff is also guilty of filing repetitive and incomplete motions, sometimes without moving for leave of court as required by the Court's order in ECF No. 211.

As noted by the bankruptcy court in the adversary proceeding, Defendant's past motions asserting fraud and unethical behavior by Plaintiff's representatives or to disqualify or sanction Plaintiff's counsel "failed to present any evidence demonstrating a valid basis for disqualification" and his "allegations regarding fraud and unethical behavior on the part of Brothers of the Wheel are conclusory and without support" and "seek to relitigate issues already raised and lost multiple times before other courts." (No. 2:21-ap-02007, ECF No. 90 at 11, 16). As further noted by the bankruptcy court, "[a] party undermines the integrity of the judicial process by using a court's resources to litigate claims that it knows or suspects another court has already resolved or enjoined, that quite obviously wastes scarce judicial resources." (*Id.* at 11) (quoting *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 157 (4th Cir. 2017)).

Notwithstanding that Defendant's instant motions to vacate judgment based on fraud, motions to hold Plaintiff's representatives in contempt, and motions to cancel Plaintiff's trademark registration are repetitive of numerous motions previously addressed and denied in multiple forums, and which may also very well be barred by issue or claim preclusion, Defendant's current requests for leave to file a motion or motions to vacate the final judgment herein based upon fraud must, at this post-judgment and post-appellate stage of the proceedings, be construed as motions under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Lynn v. Alexander*, 474 F. App'x 950, 951 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 545 (2012) (citation and quotations omitted). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Additionally, "[a]lthough Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief . . . to situations involving extraordinary circumstances . . . ." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Rule 60(b) motions do not affect the finality of the judgment or suspend it operation. Fed. R. Civ. P. 60(c)(2).

Defendant has already had prior motions under Rule 60(b) denied as untimely. His current attempts fair no better. As motions under sections (1) through (3) of the rule need to be filed within one year of the entry of the judgment, Defendant's proposed motions to vacate the judgment clearly would be untimely under those provisions. Likewise, even if the Court could treat the motions as being filed under sections (4), (5), or (6), the fact that the judgment herein was entered and became final over 10 years ago prohibits a finding that the proposed motions were filed "within

13

a reasonable time." Accordingly, any new or additional Rule 60(b) motions herein would be futile.

Moreover, to the extent that one of Defendant's motions is now claiming that additional fraudulent conduct has occurred in the related bankruptcy proceedings, Defendant could and should have addressed such issues in the bankruptcy adversary proceeding or he may seek any available relief on that basis in the pending bankruptcy appeal, but such relief is inappropriate herein. Therefore, it is hereby **ORDERED** that Defendant's motions for leave to file motions to vacate the judgment based upon a finding of fraud contained in ECF Nos. 284, 285, and 288 are **DENIED**.

        D.        Motions for cancellation of registered trademarks or trademark applications and for stay pending resolution of TTAB proceedings.

For similar reasons, the undersigned **FINDS** that the Defendant is prohibited from filing new motions in this civil action seeking the cancellation of Plaintiff's trademark based upon fraud or for Plaintiff to seek cancellation of Defendant's registered trademark or trademark applications pending in the TTAB. The judgment herein has long been final, and the case closed, and any concurrent jurisdiction that this Court may have had to consider trademark cancellation requests ceased when the judgment herein became final. Nonetheless, both Plaintiff and Defendant may still have a valid forum in which to seek cancellation of each other's trademarks by the TTAB, where each party has pending proceedings that have been suspended awaiting the resolution of the federal court matters. The parties cannot continue to seek additional bites at this stale apple in this long-closed civil case. Accordingly, it is hereby **ORDERED** that the motions for leave to file motions to cancel or invalidate trademarks contained in ECF Nos. 284, 288, 300, and 306 are **DENIED**. Likewise, it is hereby **ORDERED** that Defendant's motions to correct the docket and seeking additional time to research and respond to Plaintiff's motions (ECF Nos. 302, 303, 304, and 307) are **DENIED AS MOOT**.

Nor does the undersigned believe that a stay of this matter pending the resolution of the TTAB proceedings is appropriate since a final judgment has been rendered herein that did not address the registrability and cancellation issues. While this Court had concurrent jurisdiction to cancel a registration while the infringement claims were pending, where a federal district court does not reach or decide the issue of cancellation, the TTAB may still exercise its independent authority to consider cancellation petitions in a separate proceeding. Consequently, it is hereby **ORDERED** that Defendant's motion for leave to file a motion to stay this case pending TTAB rulings (ECF No. 296) and his motion for leave to file documents from TTAB proceedings (ECF No. 287) are **DENIED**.

    E.    The parties' motions concerning contempt of court and for sanctions against Plaintiff's counsel.

Plaintiff has filed four motions seeking to hold Defendant in contempt of the Final Judgment Order entered by Judge Johnston on February 19, 2014. (ECF Nos. 281, 282, 283, and 291). In ECF No. 281, filed on December 14, 2024, Plaintiff moved for leave to file a motion to hold Defendant in contempt of the Final Judgment Order, but attached the proposed contempt motion in violation of Judge Johnston's filing restriction order in ECF No. 211, which requires the parties to move for leave to file a document, without attaching the document itself. Three days later, in ECF No. 282, Plaintiff filed a nearly identical motion, without seeking leave of court, which appears to attach exhibits that were neglectfully not attached to the proposed motion in ECF No. 281. That same day, again without seeking leave of court, Plaintiff filed a third motion to hold Defendant in contempt that is not identical to the other two motions, which is contained in ECF No. 283. Finally, approximately one month later, in ECF No. 291, Plaintiff filed the same motion that was filed in ECF No. 283, but did not attach the proposed contempt motion referenced therein. Also without seeking leave of court, on February 9, 2025, Plaintiff filed a motion to hold Defendant in contempt for allegedly fraudulently transferring property that was subject to the writ

of execution and the subsequent bankruptcy. (ECF No. 297). Defendant sought leave to respond to each of these motions in various ways and further requested leave to file a motion to hold Plaintiff in contempt of Judge Johnston's filing restriction order in ECF No. 211. (ECF Nos. 284, 285, 293, 298).

Because Plaintiff's motions in ECF Nos. 281, 282, 283, 291, and 297 do not comply with Judge Johnston's filing restriction order in ECF No. 211, it is hereby **ORDERED** that they are **STRICKEN** from the docket. While the undersigned does not believe a contempt motion is warranted at this time, Plaintiff and its counsel are again admonished that compliance with Judge Johnston's filing restriction order is mandatory and further non-compliant documents will be stricken from the record and are notified that further noncompliance may result in sanctions, including a finding of contempt. It is further **ORDERED** that Defendant's motions seeking leave to file motions to dismiss, deny or otherwise respond to these motions or to assert untimely counterclaims herein in ECF Nos. 284, 285, 293, and 298, those motions are **DENIED AS MOOT**.

Nonetheless, the undersigned believes that this Court retains jurisdiction to consider contempt motions concerning the Final Judgment Order herein. Accordingly, it is hereby **ORDERED** that leave is granted to Plaintiff to file a singular motion seeking to hold Defendant in contempt of the Court's Final Judgment Order entered on February 19, 2014 (ECF No. 139). It is further **ORDERED** that Plaintiff's motion, which shall be filed by **October 1, 2025**, is limited to 20 pages in length and shall set forth specific facts upon which it bases its motion for contempt, including when and where Defendant has allegedly continued to violate the injunction contained in the Final Judgment Order and how such conduct violated a specific provision thereof. It is further **ORDERED** that Defendant is granted leave to file a response to Plaintiff's motion, of no more than 20 pages in length, by **October 22, 2025**, and Plaintiff may file a reply thereto by **November 3, 2025**.

Also pending are Defendant's motions for leave to file a motion to find Plaintiff in violation of Rule 11 and to disqualify counsel (ECF Nos. 305 and 308). It is hereby **ORDERED** that leave is granted permitting Defendant to file a single motion of no more than 20 pages addressing these issues. Defendant's motion shall be filed by **October 1, 2025**. It is further **ORDERED** that Plaintiff is granted leave to file a response of no more than 20 pages to Defendant's motion by **October 22, 2025**, and Defendant may file a reply by **November 3, 2025**. No further briefing shall be permitted absent leave of the Court.

F.      Plaintiff's motion for permission to have electronic filing access.

Defendant also moved for leave to file a motion to allow him to electronically file and receive electronic notification of filings in this matter. (ECF No. 289). The undersigned previously granted Defendant leave to file such a motion prior to the bankruptcy but it does not appear that a motion to permit electronic filing was granted herein prior to the bankruptcy stay. Defendant has been granted permission to electronically file and receive electronic notification of filings in the bankruptcy appeal, (No. 2:23-cv-00358, ECF No. 11). He also represents that he has been using electronic filing in the TTAB. Thus, the undersigned sees no reason not to allow Defendant similar access herein for the remainder of this case. Defendant need not file a new motion. The undersigned will treat his motion for leave (ECF No. 289) as a motion requesting electronic filing access.

The Administrative Procedures for Electronic Case Filing for the Southern District of West Virginia provides that "[n]on-prisoner pro se filers may be permitted to file electronically only when permission of the court has been requested, and the court has granted such request by Order." Rule 3.1.1.2, Administrative Procedures for Electronic Case Filing for the Southern District of West Virginia. Defendant is not a prisoner and, as noted above, he has an existing account and past experience using the Electronic Case Filing system.

17

The undersigned finds that Defendant's ability to electronically file documents in this case will be more convenient, efficient, and less expensive for all parties. Thus, for good cause shown, it is hereby **ORDERED** that the Defendant's motion (ECF No. 289) is **GRANTED** and Defendant shall be permitted to electronically file and access documents in this case using the Electronic Case Filing system for the Southern District of West Virginia. Through this system, Defendant will receive electronic notification of any filings in this case, in lieu of mailings thereof through First Class Mail, and he will be granted one "free" electronic copy of any documents filed herein, which he may download and print at the time of receipt. The relief afforded by this order extends only to this civil action, No. 2:11-cv-00104, does not grant electronic filing privileges in any other past or pending matter, and will terminate upon the resolution of this case. Defendant is directed to contact Lynn Cooper in the Charleston Clerk's Office, at (304) 347-3000, to obtain the necessary registration and training information.

G. Motions related to execution of judgment.

Defendant has filed a motion for leave to file a motion for court order releasing the lien filed by Plaintiff in Kanawha County. (ECF No. 286). In the motion for leave, Defendant indicates that he made monthly payments towards the judgment owed herein over the course of the three years that the bankruptcy was pending. (*Id.* at 3). Plaintiff has also, without leave of court, filed a motion to reinstate the writ of execution (ECF No. 292), to which Defendant has sought leave to respond (ECF No. 294). Plaintiff's motion indicates that Defendant has made payments of $6,743.03 during the bankruptcy proceedings, but was sanctioned an additional $4,634.86 for his conduct in the bankruptcy proceedings. Thus, Plaintiff asserts that Defendant still owes a total of at least $15,381.03. (ECF No. 292 at 2).

As Defendant has not paid the judgment in full, he is not presently entitled to a release of the judgment lien. Accordingly, Defendant's motion for leave to file motion for court order

18

releasing the lien is **DENIED** as futile. While the bankruptcy stay has been lifted and the undersigned believes that Plaintiff has a present right to execute on the judgment herein, Plaintiff did not move for leave to file the motion to reinstate the writ of execution (ECF No. 292) as required by Judge Johnston's order in ECF No. 211; accordingly, it is hereby **ORDERED** to be **STRICKEN** from the record and **DENIED WITHOUT PREJUDICE.**

### III.    CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that the motions contained in ECF Nos. 281, 282, 283, 291, and 297 are **STRICKEN** from the record and/ or **DENIED AS MOOT**. It is further **ORDERED** that the motions contained in ECF Nos. 284, 285, 286, 287, 288, 292, 293, 294, 296, 300, 302, 303, 304, 306, 307, and 309 are **DENIED** or **DENIED AS MOOT**. It is further **ORDERED** that the motion in ECF No. 298 is **GRANTED**, to the extent that Defendant shall be permitted to have CM/ECF access to file and receive service of filings pending the resolution of the post-judgment motions in this civil action. It is hereby **ORDERED** that Plaintiff is granted leave to file a motion to hold Defendant in contempt of the February 19, 2014 Final Judgment Order herein and that the parties are also granted leave to file response and reply briefs in accordance with the deadlines set forth herein. Finally, it is further **ORDERED** that Defendant's motions in ECF Nos. 305 and 308 are **GRANTED** to the extent that Defendant is granted leave to file a motion to sanction or disqualify Plaintiff's counsel and that the parties are also granted leave to file response and reply briefs in accordance with the deadlines set forth herein.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff (pending his registration to e-file and receive notices of electronic filing) and to transmit a copy to counsel of record.

ENTER:     August 29, 2025

Dwane L. Tinsley
United States Magistrate Judge